**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 117695

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Naftela Deutsch and Shimon Deutsch, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>Forster & Garbus LLP,<br><br>          Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

       Naftela Deutsch and Shimon Deutsch, individually and on behalf of all others similarly situated (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Forster & Garbus LLP (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

      1.    This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

      2.    This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

      3.    Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5.      Plaintiff Naftela Deutsch is an individual who is a citizen of the State of New York residing in Kings County, New York.

6.      Plaintiff Shimon Deutsch is an individual who is a citizen of the State of New York residing in Orange County, New York.

7.      Plaintiff Naftela is a natural person allegedly obligated to pay a debt.

8.      Plaintiff Shimon is a natural person allegedly obligated to pay a debt.

9.      Plaintiff Naftela is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10.     Plaintiff Shimon is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11.     On information and belief, Defendant Forster & Garbus LLP, is a New York Limited Liability Partnership with a principal place of business in Suffolk County, New York.

12.     Defendant regularly collects or attempts to collect debts asserted to be owed to others.

13.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

14.     The principal purpose of Defendant's business is the collection of such debts.

15.     Defendant uses the mails in its debt collection business.

16.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA

17.     Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem.  *See* S. Rep. No. 95-382, at 2 (1977), *reprinted in* U.S.C.C.A.N. 1695, 1696;  15 U.S.C § 1692(a).

18.     The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors.  *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

19.     To further these ends, the FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection."  *Vincent v. The*

*Money Store*, 736 F.3d 88, 96 (2d Cir. 2013).

20.    In order for consumers to vindicate their rights under the statute, the FDCPA "grants a private right of action to a consumer who receives a communication that violates the Act." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

21.    Thus, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson*, 516 F.3d at 91.

22.    To this end, in determining whether a collection letter violates the FDCPA, courts in the Second Circuit utilize "the least sophisticated consumer" standard.  *Jacobson*, 516 F.3d at 90.  "The test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer— understands the notice he or she receives. *Russell*, 74 F.3d at 34.

23.    The least sophisticated consumer standard pays no attention to the circumstances of the particular debtor in question.  *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012).  Specifically, it is not necessary for a consumer to show that he or she was confused by the communication received.  *See Jacobson*, 516 F.3d at 91.  Likewise, the consumer's actions in response to a collection letter are not determinative of the question of whether there has been a violation of the FDCPA.  *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

24.    Under the least sophisticated consumer standard, collection letters violate the FDCPA "if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

25.    Moreover, a debt collector violates the FDCPA if its collection letter is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer.  *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).

26.    Similarly, a collection letter violates the FDCPA "if it would make the least sophisticated consumer uncertain as to her rights." *Jacobson*, 516 F.3d at 90.

To recover damages under the FDCPA, a consumer does not need to show intentional conduct on the part of the debt collector.  *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010).   Rather, "[t]he FDCPA is a strict liability statute, and the degree of a defendant's

culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## ALLEGATIONS

27.     Defendant alleges each of the Plaintiffs owe a debt ("the alleged Debts").

28.     The alleged Debts are alleged obligations of Plaintiffs to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

29.     The alleged Debts do not arise from any business enterprise of Plaintiffs.

30.     The alleged Debts are "debts" as defined by 15 U.S.C. § 1692a(5).

31.     At an exact time known only to Defendant, the alleged Debts were each assigned or otherwise transferred to Defendant for collection.

32.     At the time the alleged Debts were assigned or otherwise transferred to Defendant for collection, the alleged Debts were in default.

33.     In its efforts to collect the debt allegedly owed by Plaintiff Naftela, Defendant contacted Plaintiff Naftela by letter ("the Naftela Letter") dated March 13, 2019. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

34.     In its efforts to collect the debt allegedly owed by Plaintiff Shimon, Defendant contacted Plaintiff Shimon by letter ("the Shimon Letter") dated October 30, 2018. (A true and accurate copy is annexed hereto as **"Exhibit 2."**)

35.     The aforementioned letters are sometimes referred to herein as collectively as "the Letters."

36.     The Letters conveyed information regarding the alleged Debts.

37.     The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

38.     The Naftela Letter was the initial communication Plaintiff Naftela received from Defendant.

39.     The Shimon Letter was the initial communication Plaintiff Shimon received from Defendant.

## FIRST COUNT
## Violation of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)

**AS TO PLAINTIFF NAFTELA**

40.     Plaintiff Naftela repeats and realleges the foregoing paragraphs as if fully restated herein.

41.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

42.     15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

43.     15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

44.     In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer, the consumer must dispute the debt in writing.

45.     15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

46.     In order to be entitled to obtain the name and address of the original creditor, if different from the current creditor, the consumer must request such in writing.

47.     A debt collector has the obligation not just to convey the 15 U.S.C. § 1692g required disclosures, but also to convey such clearly.

48.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

49.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

50.     15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

51.     A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

52.     The Naftela Letter states, "Please mail all correspondence and payments to the address listed below."

53.     The Letter contains multiple addresses in its body below such statement, with no direction as to which address the statement refers.

54.     The first address, located below in the Letter, is: 60 Motor Parkway Commack, NY 11725-5710.

55.     The second address, located below in the Letter, is: PO Box 9030 Commack, NY 11725-9030.

56.     In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer pursuant to 15 U.S.C. § 1692g(a)(4), the consumer must dispute the debt in writing.

57.     The Letter fails to instruct the consumer as to which of the multiple addresses provided written disputes must be sent.

58.     As a result of the foregoing, the least sophisticated consumer would likely be confused as to which of the multiple addresses she should send her written dispute.

59.     As a result of the foregoing, the least sophisticated consumer would likely be uncertain as to which of the multiple addresses she should send her written dispute.

60.     Without clear direction as to where to mail her written dispute, the least sophisticated consumer would likely not dispute the debt at all.

61.     Without clear direction as to where to mail her written dispute, the least sophisticated consumer would likely not dispute the debt at all because she would be frightened of calling the collection agency where highly trained and aggressive debt collectors answer calls.

62.     As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the debt.

63.     In order to be entitled to obtain the name and address of the original creditor pursuant to 15 U.S.C. § 1692g(a)(5), the consumer must request such in writing.

64.    The Letter fails to instruct the consumer to which of the multiple addresses provided requests for the name of the original creditor must be sent.

65.    As a result of the foregoing, the least sophisticated consumer would likely be confused as to which of the multiple addresses she should send her request for the name of the original creditor.

66.    As a result of the foregoing, the least sophisticated consumer would likely be uncertain as to which of the multiple addresses she should send her request for the name of the original creditor.

67.    Without clear direction as to where to mail her request for the name of the original creditor, the least sophisticated consumer would likely not request this information at all.

68.    Without clear direction as to where to mail her request for the name of the original creditor, the least sophisticated consumer would likely not request this information at all because she would be frightened of calling the collection agency where highly trained and aggressive debt collectors answer calls.

69.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request for the name of the original creditor.

70.    As a result of the foregoing, the multiple addresses would likely make the least sophisticated consumer confused as to her rights.

71.    As a result of the foregoing, the multiple addresses would likely make the least sophisticated consumer uncertain as to her rights.

72.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to dispute the debt provided by 15 U.S.C. § 1692g(a)(3).

73.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to receive verification of the debt or a copy of a judgment against the consumer provided by 15 U.S.C. § 1692g(a)(4).

74.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to request the name and address of the original creditor provided by 15 U.S.C. § 1692g(a)(5).

75.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to dispute the alleged Debt provided by 15 U.S.C. § 1692g(a)(3).

76.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to receive verification of the debt or a copy of a judgment against the consumer provided by 15 U.S.C. § 1692g(a)(4).

77.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor provided by 15 U.S.C. § 1692g(a)(5).

78.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

79.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

80.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

81.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

82.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

83.    The least sophisticated consumer could read the Letter and be reasonably confused as to which of the multiple addresses provided she must send her written dispute.

84.    The least sophisticated consumer could read the Letter and be uncertain as to which of the multiple addresses provided she must send her written dispute.

85.    The least sophisticated consumer could reasonably interpret the Letter to mean that she could send her written dispute to any of the multiple addresses provided.

86.    As a result of the foregoing, the Letter, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation concerning where the consumer must send her written dispute, at least one of which is inaccurate.

87.    As a result of the foregoing, the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer as to where the consumer must send her written dispute.

Case 1:19-cv-04116-RPK-ST    Document 1    Filed 07/17/19    Page 9 of 33 PageID #: 9

88.     Because the Letter is open to more than one reasonable interpretation in this regard, it violates 15 U.S.C. §§ 1692e and 1692e(10).

89.     The least sophisticated consumer could read the Letter and be reasonably confused as to which of the multiple addresses provided she must send her request for the name and address of the original creditor.

90.     The least sophisticated consumer could read the Letter and be uncertain as to which of the multiple addresses provided she must send her request for the name and address of the original creditor.

91.     The least sophisticated consumer could reasonably interpret the Letter to mean that she could send her request for the name and address of the original creditor to any of the multiple addresses provided.

92.     As a result of the foregoing, the Letter, in the eyes of the least sophisticated consumer, is open to more than one reasonable interpretation concerning where the consumer must send her send her request for the name and address of the original creditor.

93.     As a result of the foregoing, the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer as to where the consumer must send her request for the name and address of the original creditor.

94.     Because the Letter is open to more than one reasonable interpretation in this regard, it violates 15 U.S.C. §§ 1692e and 1692e(10).

95.     For all of the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff Naftela therefor.


**SECOND COUNT**
**Violations of 15 U.S.C. §§ 1692g(a), 1692e and 1692e(10)**
**AS TO PLAINTIFF NAFTELA**

96.     Plaintiff Naftela repeats and realleges the foregoing paragraphs as if fully restated herein.

97.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

98.     15 U.S.C. § 1692g(a)(1) provides that the written notice must contain the amount of the debt.

99.     15 U.S.C. § 1692g(a)(2) provides that the written notice must contain the name of the creditor to whom the debt is owed.

100.    15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

101.    15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

102.    15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

103.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

104.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

105.    A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

106.    The Naftela Letter buries the required validation notice within its text.

107.    The required validation notice is contained in running text within the body of the Letter, in the same font size, style and color as the rest of its body.

108.    The Letter further diverts attention to the tabular box placed at its dead center, containing various delineations of the amount owed.

109.    The Letter additionally diverts attention to the capitalized, bolded, italicized and underlined check payment information.

10

110.   The Letter states "**SEE IMPORTANT NOTICE ENCLOSED**." (Emphasis in original.)

111.   Such emphasized language further diverts attention away from the required validation notice.

112.   The required validation notice, relative to other language in the Letter, is visually inconspicuous.

113.   The required validation notice cannot be readily discerned from the rest of the language in the Letter.

114.   The Letter contains no visually conspicuous transitionary language, such as "See Important Notice Below," directing Plaintiff's attention to the required validation notice.

115.   The Letter does not otherwise direct the consumer's attention to the required validation notice in any way.

116.   The manner in which the Letter is formatted would likely make the least sophisticated consumer uncertain as to her rights.

117.   The manner in which the Letter is formatted would likely make the least sophisticated consumer confused as to her rights.

118.   The manner in which the Letter is formatted would likely make the least sophisticated consumer overlook her rights.

119.   The Letter is structured in such a way that it makes Plaintiff's validation rights difficult to read and easy to overlook.

120.   The Letter is structured in such a way that it makes Plaintiff's validation rights appear as boilerplate language.

121.   The Letter is structured in such a way that it makes Plaintiff's validation rights appear unimportant.

122.   The Letter is structured in such a way that it discourages Plaintiff from reading her validation rights.

123.   As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the alleged Debt.

124.   As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the alleged Debt.

125.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

126.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

127.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

128.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

129.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

130.    Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. § 1692e.

131.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(a), 1692e and 1692e(10) and is liable to Plaintiff Naftela therefor.


**THIRD COUNT**
**Violations of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)**
**AS TO PLAINTIFF NAFTELA**

132.    Plaintiff Naftela repeats and realleges the foregoing paragraphs as if fully restated herein.

133.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

134.    15 U.S.C. § 1692g(a)(1) provides that the written notice must contain the amount of the debt.

135.    15 U.S.C. § 1692g(a)(2) provides that the written notice must contain the name of the creditor to whom the debt is owed.

136.    15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

137.    15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

138.    15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

139.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

140.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

141.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

142.    15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

143.    A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

144.    The Naftela Letter is from a law firm and states, "At this time, no determination has been made as to whether a lawsuit will be commenced."

145.    The Letter is the initial communication which under law is required to communicate the validation rights and a thirty-day period to exercise such rights.

146.    It amounts to a violation of 15 U.S.C. § 1692g(b) to include any language to overshadow the consumer's right to request validation.

13

147.    The Letter sent by the debt collector which is a law firm and the mention of a lawsuit, would intimidate the consumer against exercise of her validation rights.

148.    The Letter sent by the debt collector which is a law firm and the mention of a lawsuit, would override the consumer's right to dispute the debt in violation of 15 U.S.C. § 1692g(b).

149.    The Letter sent by the debt collector which is a law firm and the mention of a lawsuit, would override the consumer's right to request validation of the debt in violation of 15 U.S.C. § 1692g(b).

150.    The Letter sent by the debt collector which is a law firm and the mention of a lawsuit, would override the consumer's right to request the name and address of the original creditor in violation of 15 U.S.C. § 1692g(b).

151.    The least sophisticated consumer, upon reading the Letter sent by the debt collector which is a law firm and the mention of a lawsuit, could reasonably interpret the Letter to mean that even if she exercises her validation rights provided for in the validation notice within the Letter, she could nevertheless be subject to legal action.

152.    The least sophisticated consumer, upon reading the Letter sent by the debt collector which is a law firm and the mention of a lawsuit, and in the absence of any further explanation, could reasonably interpret the Letter to mean that even if she disputes the validity of the alleged Debt provided for, in the validation notice within the Letter, she could nevertheless be subject to legal action even during the verification process.

153.    As a result of the foregoing, the Letter sent by the debt collector which is a law firm and the mention of a lawsuit, would likely make the least sophisticated consumer confused as to her rights.

154.    As a result of the foregoing, the Letter sent by the debt collector which is a law firm and the mention of a lawsuit, would likely make the least sophisticated consumer uncertain as to her rights.

155.    Defendant violated 15 U.S.C. § 1692g(b) as the Letter sent by the debt collector which is a law firm and the mention of a lawsuit, would overshadow the disclosure of the consumer's right to dispute the alleged Debt.

156.    Defendant violated 15 U.S.C. § 1692g(b) as the Letter sent by the debt collector which is a law firm and the mention of a lawsuit, would overshadow the disclosure of the consumer's right to request validation of the alleged Debt.

157.    Defendant violated 15 U.S.C. § 1692g(b) as the Letter sent by the debt collector which is a law firm and the mention of a lawsuit, overshadows the disclosure of the consumer's right to request the name and address of the original creditor.

158.    Defendant violated 15 U.S.C. § 1692g(b) as the Letter sent by the debt collector which is a law firm and the mention of a lawsuit, is inconsistent with the disclosure of the consumer's right to dispute the alleged Debt.

159.    Defendant violated 15 U.S.C. § 1692g(b) as the Letter sent by the debt collector which is a law firm and the mention of a lawsuit, is inconsistent with the disclosure of the consumer's right to request validation of the alleged Debt.

160.    Defendant violated 15 U.S.C. § 1692g(b) as the Letter sent by the debt collector which is a law firm and the mention of a lawsuit, is inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor.

161.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

162.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

163.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

164.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

165.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

166.    The least sophisticated consumer could reasonably interpret the Letter to mean that even if she exercises her validation rights provided for, in the validation notice within the Letter, she could nevertheless be subject to legal action.

167.    The least sophisticated consumer, upon reading legal threat, and in the absence of any further explanation, could reasonably interpret the Letter to mean that even if she disputes the validity of the alleged Debt provided for, in the validation notice within the Letter, she could nevertheless be subject to legal action.

168.    Because the Letter is open to more than one reasonable interpretation by the least sophisticated consumer, it violates 15 U.S.C. §§ 1692e and 1692e(10).

169.    Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, it violates 15 U.S.C. §§ 1692e and 1692e(10).

170.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff Naftela therefor.

**FOURTH COUNT**
**Violation of 15 U.S.C. § 1692g(a)(2)**
**AS TO PLAINTIFF SHIMON**

171.    Plaintiff Shimon repeats and realleges the foregoing paragraphs as if fully restated herein.

172.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

173.    As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

174.    To comply with 15 U.S.C. § 1692g(a)(2), a statement of "the name of the creditor to whom the debt is owed" must clearly convey, from the perspective of the least sophisticated consumer, the actual name of the creditor to whom the debt is owed.

175.    To comply with 15 U.S.C. § 1692g(a)(2), a statement of "the name of the creditor to whom the debt is owed" must accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

176.    To comply with 15 U.S.C. § 1692g(a)(2), a statement of "the name of the creditor to whom the debt is owed" must convey without ambiguity, from the perspective of the least sophisticated consumer, the name of the creditor to whom the debt is owed.

177.    Even if a debt collector conveys the required information, the debt collector

nonetheless violates the 15 U.S.C. § 1692g(a)(2) if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty in the eyes of the least sophisticated consumer.

178.    Merely naming an entity without specifically identifying the entity as "the creditor to whom the debt is owed" is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

179.    The Letter fails to identify by name and label any entity as "creditor," "original creditor," "current creditor," "account owner," or "creditor to whom the debt is owed."

180.    The Shimon Letter states "**Re > STATE FARM BANK,F.S.B.**" followed by the name of an entity.

181.    The Letter states, "Your account has been placed with our office for collections."

182.    The Letter demands payment be made to Defendant.

183.    The Letter fails to indicate whether the "**Re >**" refers to the owner of the alleged Debt.

184.    The Letter fails to indicate whether the "**Re >**" refers to Plaintiff's creditor.

185.    The Letter fails to indicate whether the "**Re >**" refers to Plaintiff's current creditor.

186.    The Letter fails to indicate whether the "**Re >**" refers to Plaintiff's original creditor.

187.    The Letter fails to indicate whether the "**Re >**" refers to the creditor to whom the alleged Debt is owed.

188.    The Letter fails to indicate who referred the account to Defendant.

189.    The Letter fails to indicate who Defendant represents.

190.    The Letter fails to indicate who is Defendant's client.

191.    The Letter fails to indicate the name of any entity to which payment should be made.

192.    As a result of such failures, Defendant did not clearly convey, from the perspective of the least sophisticated consumer, the owner of the alleged Debt as required by 15 U.S.C. § 1692g(a)(2).

193.    As a result of such failures, the least sophisticated consumer would likely be confused as to the owner of the alleged Debt.

194.    As a result of such failures, the least sophisticated consumer would likely be uncertain as to owner of the alleged Debt.

195.    As a result of such failures, Defendant did not clearly convey, from the perspective of the least sophisticated consumer, the creditor to whom the alleged Debt is owed as required by 15 U.S.C. § 1692g(a)(2).

196.    As a result of such failures, Defendant did not accurately convey, from the perspective of the least sophisticated consumer, the creditor to whom the alleged Debt is owed as required by 15 U.S.C. § 1692g(a)(2).

197.    As a result of such failures, Defendant did not convey without ambiguity, from the perspective of the least sophisticated consumer, the creditor to whom the alleged Debt is owed as required by 15 U.S.C. § 1692g(a)(2).

198.    For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(2) and is liable to Plaintiff Shimon therefor.

**FIFTH COUNT**
**Violations of 15 U.S.C. §§ 1692e**
**AS TO PLAINTIFF SHIMON**

199.    Plaintiff Shimon repeats and realleges the foregoing paragraphs as if fully restated herein.

200.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

201.    While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

202.    The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

203.    A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

204.    A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

205.    For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

206.    The identity of creditor to whom the debt is owed is a material piece of information to a consumer.

207.    A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

208.    A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

209.    Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

210.    When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

211.    The Letter fails to identify by name and label any entity as "creditor," "original creditor," "current creditor," "account owner," or "creditor to whom the debt is owed."

212.    The Shimon Letter states "**Re > STATE FARM BANK,F.S.B.**" followed by the name of an entity.

213.    The Letter fails to indicate whether the "**Re >**" refers to the account owner.

214.    The Letter fails to indicate whether the "**Re >**" refers to Plaintiffs' creditor.

215.    The Letter fails to indicate whether the "**Re >**" refers to Plaintiffs' current creditor.

216.    The Letter fails to indicate whether the "**Re >**" refers to Plaintiffs' original creditor.

217.    The Letter fails to indicate whether the "**Re >**" refers to the creditor to whom the debt is owed.

218.    The Letter demands payment be made to Defendants as attorneys.

219.    The Letter indicates that checks should be made payable to Defendants as attorneys.

220.    The Letter fails to indicate who referred the account to Defendants.

221.    The Letter fails to indicate who Defendants represent.

222.    The Letter fails to indicate who is Defendants' client.

223.    Defendants failed to explicitly state the name of the creditor to whom the alleged

Debt is owed.

224.    Defendants failed to clearly state the name of the creditor to whom the alleged Debt is owed.

225.    The least sophisticated consumer would likely be confused as to the name of the creditor to whom the alleged Debt is owed.

226.    The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the alleged Debt is owed.

227.    Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

228.    Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

229.    The least sophisticated consumer would likely be deceived by the Letter.

230.    The least sophisticated consumer would likely be deceived in a material way by the Letter.

231.    Defendants violated § 1692e by using a false, deceptive and misleading representation in their attempt to collect a debt.

**SIXTH COUNT**
**Violations of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)**
**AS TO PLAINTIFF SHIMON**

232.    Plaintiff Shimon repeats and realleges the foregoing paragraphs as if fully restated herein. and realleges the foregoing paragraphs as if fully restated herein.

233.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

234.    15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

20

235.     15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

236.     In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer, the consumer must dispute the debt in writing.

237.     15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

238.     In order to be entitled to obtain the name and address of the original creditor, if different from the current creditor, the consumer must request such in writing.

239.     A debt collector has the obligation not just to convey the 15 U.S.C. § 1692g required disclosures, but also to convey such clearly.

240.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

241.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

242.     15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

243.     A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

244.     The Shimon Letter states, "Please mail all correspondence and payments to the address listed below."

245.     The Letter contains multiple addresses in its body below such statement, with no direction as to which address the statement refers.

246.    The first address, located below in the Letter, is: 60 Motor Parkway Commack, NY 11725-5710.

247.    The second address, located below in the Letter, is: PO Box 9030 Commack, NY 11725-9030.

248.    In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer pursuant to 15 U.S.C. § 1692g(a)(4), the consumer must dispute the debt in writing.

249.    The Letter fails to instruct the consumer as to which of the multiple addresses provided written disputes must be sent.

250.    As a result of the foregoing, the least sophisticated consumer would likely be confused as to which of the multiple addresses she should send her written dispute.

251.    As a result of the foregoing, the least sophisticated consumer would likely be uncertain as to which of the multiple addresses she should send her written dispute.

252.    Without clear direction as to where to mail her written dispute, the least sophisticated consumer would likely not dispute the debt at all.

253.    Without clear direction as to where to mail her written dispute, the least sophisticated consumer would likely not dispute the debt at all because she would be frightened of calling the collection agency where highly trained and aggressive debt collectors answer calls.

254.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the debt.

255.    In order to be entitled to obtain the name and address of the original creditor pursuant to 15 U.S.C. § 1692g(a)(5), the consumer must request such in writing.

256.    The Letter fails to instruct the consumer to which of the multiple addresses provided requests for the name of the original creditor must be sent.

257.    As a result of the foregoing, the least sophisticated consumer would likely be confused as to which of the multiple addresses she should send her request for the name of the original creditor.

258.    As a result of the foregoing, the least sophisticated consumer would likely be uncertain as to which of the multiple addresses she should send her request for the name of the original creditor.

259.    Without clear direction as to where to mail her request for the name of the original creditor, the least sophisticated consumer would likely not request this information at all.

260.    Without clear direction as to where to mail her request for the name of the original creditor, the least sophisticated consumer would likely not request this information at all because she would be frightened of calling the collection agency where highly trained and aggressive debt collectors answer calls.

261.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request for the name of the original creditor.

262.    As a result of the foregoing, the multiple addresses would likely make the least sophisticated consumer confused as to her rights.

263.    As a result of the foregoing, the multiple addresses would likely make the least sophisticated consumer uncertain as to her rights.

264.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to dispute the debt provided by 15 U.S.C. § 1692g(a)(3).

265.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to receive verification of the debt or a copy of a judgment against the consumer provided by 15 U.S.C. § 1692g(a)(4).

266.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to request the name and address of the original creditor provided by 15 U.S.C. § 1692g(a)(5).

267.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to dispute the alleged Debt provided by 15 U.S.C. § 1692g(a)(3).

268.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to receive verification of the debt or a copy of a judgment against the consumer provided by 15 U.S.C. § 1692g(a)(4).

269.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor provided by 15 U.S.C. § 1692g(a)(5).

270.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

271.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

272.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

273.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

274.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

275.    The least sophisticated consumer could read the Letter and be reasonably confused as to which of the multiple addresses provided she must send her written dispute.

276.    The least sophisticated consumer could read the Letter and be uncertain as to which of the multiple addresses provided she must send her written dispute.

277.    The least sophisticated consumer could reasonably interpret the Letter to mean that she could send her written dispute to any of the multiple addresses provided.

278.    As a result of the foregoing, the Letter, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation concerning where the consumer must send her written dispute, at least one of which is inaccurate.

279.    As a result of the foregoing, the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer as to where the consumer must send her written dispute.

280.    Because the Letter is open to more than one reasonable interpretation in this regard, it violates 15 U.S.C. §§ 1692e and 1692e(10).

281.    The least sophisticated consumer could read the Letter and be reasonably confused as to which of the multiple addresses provided she must send her request for the name and address of the original creditor.

282.    The least sophisticated consumer could read the Letter and be uncertain as to which of the multiple addresses provided she must send her request for the name and address of the original creditor.

283.    The least sophisticated consumer could reasonably interpret the Letter to mean

24

that she could send her request for the name and address of the original creditor to any of the multiple addresses provided.

284.    As a result of the foregoing, the Letter, in the eyes of the least sophisticated consumer, is open to more than one reasonable interpretation concerning where the consumer must send her send her request for the name and address of the original creditor.

285.    As a result of the foregoing, the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer as to where the consumer must send her request for the name and address of the original creditor.

286.    Because the Letter is open to more than one reasonable interpretation in this regard, it violates 15 U.S.C. §§ 1692e and 1692e(10).

287.    For all of the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff Shimon therefor.

**SEVENTH COUNT**
**Violations of 15 U.S.C. §§ 1692g(a), 1692e and 1692e(10))**
**AS TO PLAINTIFF SHIMON**

288.    Plaintiff Shimon repeats and realleges the foregoing paragraphs as if fully restated herein.

289.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

290.    15 U.S.C. § 1692g(a)(1) provides that the written notice must contain the amount of the debt.

291.    15 U.S.C. § 1692g(a)(2) provides that the written notice must contain the name of the creditor to whom the debt is owed.

292.    15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

293.    15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

294.    15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

295.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

296.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

297.    A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

298.    The Shimon Letter buries the required validation notice within its text.

299.    The required validation notice is contained in running text within the body of the Letter, in the same font size and color as the rest of its body.

300.    The Letter further diverts attention to the tabular box placed at its dead center, containing various delineations of the amount owed.

301.    The Letter additionally diverts attention to the capitalized, bolded, italicized and underlined check payment information.

302.    The Letter states "**SEE IMPORTANT NOTICE ENCLOSED**." (Emphasis in original.)

303.    Such emphasized language further diverts attention away from the required validation notice.

304.    The required validation notice, relative to other language in the Letter, is visually inconspicuous.

305.    The required validation notice cannot be readily discerned from the rest of the language in the Letter.

306.    The Letter contains no visually conspicuous transitionary language, such as "See Important Notice Below," directing Plaintiff's attention to the required validation notice.

307.    The Letter does not otherwise direct the consumer's attention to the required validation notice in any way.

308.    The manner in which the Letter is formatted would likely make the least sophisticated consumer uncertain as to her rights.

309.    The manner in which the Letter is formatted would likely make the least sophisticated consumer confused as to her rights.

310.    The manner in which the Letter is formatted would likely make the least sophisticated consumer overlook her rights.

311.    The Letter is structured in such a way that it makes Plaintiff's validation rights difficult to read and easy to overlook.

312.    The Letter is structured in such a way that it makes Plaintiff's validation rights appear as boilerplate language.

313.    The Letter is structured in such a way that it makes Plaintiff's validation rights appear unimportant.

314.    The Letter is structured in such a way that it discourages Plaintiff from reading her validation rights.

315.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the alleged Debt.

316.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the alleged Debt.

317.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

318.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

319.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.  *Clomon*, 988 F.2d at 1318.

320.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

321.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.  *DeSantis*, 269 F.3d at 161.

322.    Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. § 1692e.

323.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(a), 1692e and 1692e(10) and is liable to Plaintiff Shimon therefor.

**EIGHTH COUNT**
**Violations of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)**
**AS TO PLAINTIFF SHIMON**

324.    Plaintiff Shimon repeats and realleges the foregoing paragraphs as if fully restated herein.

325.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

326.    15 U.S.C. § 1692g(a)(1) provides that the written notice must contain the amount of the debt.

327.    15 U.S.C. § 1692g(a)(2) provides that the written notice must contain the name of the creditor to whom the debt is owed.

328.    15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

329.    15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

330.    15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

331.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

332.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

333.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

334.    15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

335.    A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

336.    The Shimon Letter is from a law firm and states, "At this time, no determination has been made as to whether a lawsuit will be commenced."

337.    The Letter is the initial communication which under law is required to communicate the validation rights and a thirty-day period to exercise such rights.

338.    It amounts to a violation of 15 U.S.C. § 1692g(b) to include any language to overshadow the consumer's right to request validation.

339.    The Letter sent by the debt collector which is a law firm and the mention of a lawsuit, would intimidate the consumer against exercise of her validation rights.

340.    The Letter sent by the debt collector which is a law firm and the mention of a lawsuit, would override the consumer's right to dispute the debt in violation of 15 U.S.C. § 1692g(b).

341.    The Letter sent by the debt collector which is a law firm and the mention of a lawsuit, would override the consumer's right to request validation of the debt in violation of 15 U.S.C. § 1692g(b).

342.    The Letter sent by the debt collector which is a law firm and the mention of a lawsuit, would override the consumer's right to request the name and address of the original creditor in violation of 15 U.S.C. § 1692g(b).

343.    The least sophisticated consumer, upon reading the Letter sent by the debt collector which is a law firm and the mention of a lawsuit, could reasonably interpret the Letter to mean that even if she exercises her validation rights provided for in the validation notice within the Letter, she could nevertheless be subject to legal action.

344.    The least sophisticated consumer, upon reading the Letter sent by the debt collector which is a law firm and the mention of a lawsuit, and in the absence of any further explanation, could reasonably interpret the Letter to mean that even if she disputes the validity of the alleged Debt provided for, in the validation notice within the Letter, she could nevertheless be subject to legal action even during the verification process.

345.    As a result of the foregoing, the Letter sent by the debt collector which is a law firm and the mention of a lawsuit, would likely make the least sophisticated consumer confused as to her rights.

346.    As a result of the foregoing, the Letter sent by the debt collector which is a law firm and the mention of a lawsuit, would likely make the least sophisticated consumer uncertain as to her rights.

347.    Defendant violated 15 U.S.C. § 1692g(b) as the Letter sent by the debt collector which is a law firm and the mention of a lawsuit, would overshadow the disclosure of the consumer's right to dispute the alleged Debt.

348.    Defendant violated 15 U.S.C. § 1692g(b) as the Letter sent by the debt collector which is a law firm and the mention of a lawsuit, would overshadow the disclosure of the consumer's right to request validation of the alleged Debt.

349.    Defendant violated 15 U.S.C. § 1692g(b) as the Letter sent by the debt collector which is a law firm and the mention of a lawsuit, overshadows the disclosure of the consumer's right to request the name and address of the original creditor.

350.    Defendant violated 15 U.S.C. § 1692g(b) as the Letter sent by the debt collector which is a law firm and the mention of a lawsuit, is inconsistent with the disclosure of the consumer's right to dispute the alleged Debt.

351.    Defendant violated 15 U.S.C. § 1692g(b) as the Letter sent by the debt collector which is a law firm and the mention of a lawsuit, is inconsistent with the disclosure of the consumer's right to request validation of the alleged Debt.

352.    Defendant violated 15 U.S.C. § 1692g(b) as the Letter sent by the debt collector which is a law firm and the mention of a lawsuit, is inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor.

353.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

354.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

355.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

356.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

357.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

358.    The least sophisticated consumer could reasonably interpret the Letter to mean that even if she exercises her validation rights provided for, in the validation notice within the Letter, she could nevertheless be subject to legal action.

359.    The least sophisticated consumer, upon reading legal threat, and in the absence of any further explanation, could reasonably interpret the Letter to mean that even if she disputes the validity of the alleged Debt provided for, in the validation notice within the Letter, she could nevertheless be subject to legal action.

360.    Because the Letter is open to more than one reasonable interpretation by the least sophisticated consumer, it violates 15 U.S.C. §§ 1692e and 1692e(10).

361.    Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, it violates 15 U.S.C. §§ 1692e and 1692e(10).

362.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff Shimon therefor.

## CLASS ALLEGATIONS

363.    Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

364.    Plaintiffs seek to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the Letters sent to Plaintiffs, which letter was sent on or after a date one year prior to the filing of this action to the present.

365.    This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

366.    The Class consists of more than thirty-five persons.

367.    Plaintiffs' claims are typical of the claims of the Class.  Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

368.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

369.    Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiffs have retained counsel experienced in actions brought under consumer protection laws

## JURY DEMAND

370.    Plaintiffs hereby demand a trial of this action by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a.  Certify this action as a class action; and

b.  Appoint Plaintiffs as Class Representatives of the Class, and Plaintiffs' attorneys as Class Counsel; and

c.  Find that Defendant's actions violate the FDCPA; and

d.  Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e.  Grant Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.  Grant Plaintiffs' costs; together with

g.  Such other relief that the Court determines is just and proper.

DATED: July 16, 2019

**BARSHAY SANDERS, PLLC**

By: ___*/s/ Craig B. Sanders*_____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 117695