UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NAFTELA DEUTSCH and SHIMON
DEUTSCH, individually and on behalf of
all others similarly situated,

                Plaintiff,                             **MEMORANDUM AND ORDER**
      v.                                                19-CV-4116 (RPK) (ST)

FORSTER & GARBUS LLP,

                Defendants.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

Plaintiffs Shimon and Naftela Deutsch are suing defendant Forster & Garbus LLP under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Plaintiffs allege, as relevant here, that the debt-collection letters they received from defendant failed to adequately identify the creditor and failed to adequately specify the mailing address that should be used to dispute the debt. Defendant has sought judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See* Def.'s Mem. of Law in Supp. Mot. for J. on the Pleadings ("Def.'s Mot.") (Dkt. #27-1). For the reasons that follow, defendant's motion is granted.

## BACKGROUND

### I. Factual Background

The following facts are drawn from the complaint and are assumed true for the purposes of this order. Each of the plaintiffs in this action allegedly defaulted on debts they owed to a third party. *See* Compl. ¶¶ 28, 32 (Dkt. #1). Those defaulted debts were "assigned or otherwise transferred to [d]efendant for collection." *Id.* ¶ 31. Defendant then sent a collection letter to each plaintiff. *Id.* at ¶¶ 33-34.

The letter sent to Shimon Deutsch is reproduced in relevant part below:

60 Motor Parkway
Commack, NY 11725-5710

**FORSTER & GARBUS LLP**
*A NEW YORK LAW FIRM*

| | |
|---|---|
| RONALD FORSTER - Adm. in NY Only | ANNETTE T. ALTMAN - Adm in NY Only |
| MARK A. GARBUS - Adm. in NY Only | MICHAEL C. DIGIARO - Adm in NY & NJ |
| EDWARD J. DAMSKY - Adm. in NY Only | MICHAEL J. FLORIO - Adm in NY Only |
| JOEL D. LEIDERMAN - Adm. in NY Only | AMY GAVLIK - Adm in NY Only |
| | TESS E. GUNTHER - Adm in NY & CT |
| | TARAH JORDAN - Adm in NY & FL |
| | VALERIE E. WATTS - Adm in NY Only |

**PERSONAL & CONFIDENTIAL**

October 30, 2018

BALANCE DUE ▸ $4,896.85
Reference Number ▸ XXXXXX9641
Account Number ▸ XXX9641
Re ▸ **STATE FARM BANK,F.S.B.**

1-631-393-9400
1-877-709-6889Ext. 259
**Representative Name: MS ESTRADA**
Monday thru Thursday 8:00AM – 9:00PM EST
Friday 8:00AM – 5:00PM EST
Control Number: 7092063

SHIMON DEUTSCH
185 SCHUNNEMUNK RD
HIGHLAND MILLS NY 10930-2122

Dear Shimon Deutsch,

Your account has been placed with this office for collection. If this account is not disputed, we shall expect your payment in full.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

At this time, no determination has been made as to whether a lawsuit will be commenced. Please note that we are required, under federal law, to advise you that we are debt collectors and any information we obtain will be used in attempting to collect this debt.

Please mail all correspondence and payments to the address listed below.

| | |
|---|---|
| Total Amount of the debt due as of charge-off. | $4,896.85 |
| Total amount of interest accrued since charge-off. | $0.00 |
| Total amount of non-interest charges or fees accrued since charge-off. | $0.00 |
| Total amount of payments / credits posted on the debt since the charge-off. | $0.00 |

Please visit our website, www.forstergarbus.com, if you wish to make a payment on your account using your debit card.
Please use the Control Number listed above when making a payment on the website.

**SEE IMPORTANT NOTICE ENCLOSED**
Forster & Garbus LLP NYC DCA LICENSE # 2045675
Office Location: 60 Motor Parkway • Commack, NY 11725-5710

▲ DETACH HERE ▲

MAKE CHECK PAYABLE TO: **FORSTER & GARBUS LLP as attorneys** AND RETURN COUPON WITH PAYMENT TO PO BOX 9030, Commack, NY 11725-9030 IN ENCLOSED ENVELOPE

SHIMON DEUTSCH
185 SCHUNNEMUNK RD
HIGHLAND MILLS NY 10930-2122

BALANCE DUE ▸ $4,896.85
Reference Number ▸ XXXXXX9641
Re ▸ **STATE FARM BANK,F.S.B.**

Rep. Code ▸ 5X
Date ▸ October 30, 2018

➔ Please Note Current     BEST TIME TO CALL

Home Phone # _____  _____

Work Phone # _____  _____

Cell Phone # _____  _____

Forster & Garbus LLP
PO Box 9030
Commack, NY 11725-9030

Compl. Ex. 2 ("Shimon Letter") at 1 (Dkt. #1-2).

The letter sent to Naftela Deutsch is nearly identical. *See* Compl. Ex. 1 ("Naftela Letter") (Dkt. #1-2). But that letter provides more context about the alleged debt, stating that "Discover Bank . . . retained this firm to collect its claim against [Ms. Deutsch] for the balance owing on [Ms. Deutsch's] Discover Card." *Id.* at 1.

Plaintiffs filed this lawsuit alleging that defendant's letters violated the FDCPA. *See* Compl. After Judge DeArcy Hall granted a motion to dismiss several counts, Sept. 26, 2019 Minute Entry & Order, four counts in the complaint remained. Counts One and Six alleged that both challenged debt-collection letters violated the FDCPA because a consumer receiving the letters could be confused as to which address the consumer should use to dispute the debt described in the letter. They rely on the fact that the letters list two addresses for Forster & Garbus LLP. *Id.* ¶¶ 40-95, 232-87. Counts Four and Five, which pertain only to the letter sent to Shimon Deutsch, alleged an FDCPA violation on the grounds that the letter does not clearly identify the creditor to whom the debt is owed. *See* Compl. ¶¶ 171-231.

Defendant has moved for judgment on the pleadings as to all four of the remaining counts. *See* Def's Mot. at 9-19.

## STANDARD OF REVIEW

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Hogan v. Fischer*, 738 F.3d 509, 514-15 (2d Cir. 2013) (quoting *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006)). When adjudicating Rule 12(c) motions, courts accept "the complaint's factual allegations as true and

3

draw[] all reasonable inferences in the plaintiff's favor." *Kirkendall v. Halliburton, Inc.*, 707 F.3d 173, 178 (2d Cir. 2013) (citing *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010)). A court must assess whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (citing *Twombly*, 550 U.S. at 556).

On a Rule 12(c) motion, the court considers "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)). "A complaint is [also] deemed to include . . . materials incorporated in it by reference[] and documents that, although not incorporated by reference, are integral to the complaint." *Ibid.* (quoting *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004)).

## DISCUSSION

Defendant's motion for judgment on the pleadings is granted.

**I.     The FDCPA**

The FDCPA "authorizes private civil actions against debt collectors who engage in certain prohibited practices." *Rotkiske v. Klemm*, 140 S. Ct. 355, 358 (2019). To state a claim under that statute, a plaintiff generally must plead that (i) the plaintiff is a "consumer," (ii) the defendant is a "debt collector," and (iii) the defendant committed "an act or omission" that amounts to a violation of the FDCPA. *Derosa v. CAC Fin. Corp.*, 278 F. Supp. 3d 555, 559-60

(E.D.N.Y. 2017); *see, e.g., Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 522, 529 (S.D.N.Y. 2013).

Plaintiffs contend that defendant violated two provisions of the FDCPA: Sections 1692e and 1692g. Section 1692e bars a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. An example of such conduct is the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* § 1692e(10). Section 1692g requires debt collectors to send consumers written notice of their right to dispute a debt. That validation notice must contain, among other things, "the name of the creditor to whom the debt is owed," along with particular guidance relating to disputing the debt. 15 U.S.C. § 1692g(a).

In determining whether a collection letter violates Section 1692e or Section 1692g, the Second Circuit assesses the letter from the perspective of the "least sophisticated consumer." *Bryan v. Credit Control, LLC*, 954 F.3d 576, 582 (2d Cir. 2020). Such a consumer "does not have the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) (quoting *Russell v. Equifax A.R.S.,* 74 F.3d 30, 35 (2d Cir. 1996)). But such a consumer "is neither irrational nor a dolt," and a court must be "careful not to conflate lack of sophistication with unreasonableness." *Ibid.* (citations omitted). Even the least sophisticated consumer can be "presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Wagner v. Chiari & Ilecki, LLP*, 973 F.3d 154, 165 (2d Cir. 2020). Applying that standard, a debt collection letter can violate Section 1692g(a) even if it includes an accurate validation notice, "if that notice is overshadowed or

5

contradicted by other language in communications to the debtor." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (citations omitted). Language overshadows or contradicts the validation notice "if it would make the least sophisticated consumer uncertain as to her rights." *Ibid.* (quoting *Russell,* 74 F.3d at 35). Such uncertainty arises if the language is "confusing," "contradictory," or "reasonably susceptible to an inaccurate reading." *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) (quotation omitted).

Similarly, a debt-collection letter qualifies as misleading under Section 1692e of the FDCPA if its language is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012) (quotation omitted). Courts in this circuit have therefore concluded that the standard for determining a violation of Section 1692e is essentially the same as that for Section 1692g. *See, e.g.*, *Denciger v. Network Recovery Servs., Inc.*, 493 F. Supp. 3d 138, 141-42 (E.D.N.Y. 2020); *Papetti v. Rawlings Fin. Servs., LLC*, 121 F. Supp. 3d 340, 353 (S.D.N.Y. 2015); *Castro v. Green Tree Servicing LLC*, 959 F. Supp. 2d 698, 711 (S.D.N.Y. 2013); *see also Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 215 (2d Cir. 2018) (explaining that the court had read "Sections 1692e and 1692g in harmony" with one another).

## II. Plaintiffs' Claims

### A. Counts One and Six: Alleged Failure to Clearly Specify the Address for Disputing a Debt

Contrary to plaintiffs' contentions, the Shimon and Naftela Letters do not violate Sections 1692g(b), 1692e, and 1692e(10) of the FDCPA on the theory that the letters fail to clearly set forth the address a consumer should use to dispute a debt. Compl. ¶¶ 40-95, 232-87. As plaintiffs observe, after the letters instruct consumers to address "all correspondence and payments to the address listed below," the letters list two addresses. Shimon Letter at 1; Naftela

6

Letter at 1. One is denoted "Office Location," and the other is a P.O. Box. Shimon Letter at 1; Naftela Letter at 1. But even from the perspective of the least sophisticated consumer, the letters leave no doubt as to which address should be used for disputes of the debt, because they instruct: "RETURN COUPON WITH PAYMENT TO PO BOX 9030, Commack, NY 11725-9030 IN ENCLOSED ENVELOPE," Shimon Letter at 1; Naftela Letter at 1. This instruction is driven home on the detachable coupons, which feature a prominent arrow pointing to the P.O. Box address. *See* Shimon Letter at 1; Naftela Letter at 1. The least sophisticated consumer, "possess[ing] a rudimentary amount of information about the world" and "read[ing the] collection notice with some care," would conclude that the P.O. Box is the proper destination for any written disputes of the debt. *Wagner*, 973 F.3d at 165.

Two judges in this district have recently reached the same conclusion when considering substantively identical letters by the same defendant to different consumers. *See* Def.'s Mot, Ex. 2 at 32:10-25 (Dkt. #27-3) (transcript of oral dismissal decision in *Brill v. Forster & Garbus, LLP*, No. 19-CV-03637 (E.D.N.Y. 2019)); Complaint at Exs. 1-2, *Brill et al v. Forster & Garbus, LLP*, No. 19-CV-3637 (E.D.N.Y. June 21, 2019) (Dkt. #1-1, 1-2); *Park v. Forster & Garbus, LLP*, No. 19-CV-3621, 2019 WL 5895703, at *4-6 (E.D.N.Y. Nov. 12, 2019); Complaint at Ex. 1, *Park v. Forster & Garbus, LLP*, No. 19-CV-3621 (E.D.N.Y. June 20, 2019), (Dkt. #1-1). The cases that plaintiff invokes from within this Circuit, in contrast, are not analogous, because they dealt with different (and more confusing) instructions on where to send communications. *See, e.g.*, *Pinyuk v. CBE Grp., Inc.*, No. 17-CV-5753, 2019 WL 1900985, at *7 (E.D.N.Y. Apr. 29, 2019) ("The letter on its face contains three different addresses and it is unclear which one the defendant is urging the consumer to contact."); *Musarra v. Balanced Healthcare Receivables, LLC*, No. 19-CV-5814, 2020 WL 1166449, at *6 (E.D.N.Y. Mar. 11,

7

2020) (finding FDCPA violation based on the "cumulative effects of the three total addresses, the crowded and confusing coupon with two addresses for the defendant as well as the consumer's address, and the lack of clarifying instructions"); *Adler v. Penn Credit Corp.*, No. 19-CV-7084, 2020 WL 4474624, at \*4 (S.D.N.Y. Aug. 3, 2020) (finding a plausible FDCPA claim because neither of the addresses on the envelope was "highlighted or specifically denoted as the correct address," and because "the Payment Letter [did] not provide further instruction on which address to use"); *Schmelczer v. Penn Credit Corp.*, No. 20-CV-2380, 2021 WL 325982, at \*5-6 (S.D.N.Y. Feb. 1, 2021) (examining a letter "nearly identical" to the one discussed in *Adler*). Counts One and Six fail to state a claim.

### B. Counts Four and Five: Alleged Failure to Identify the Creditor

The Shimon Letter also does not violate Sections 1692g(b) and 1692e of the FDCPA, as plaintiffs allege in Counts Four and Five. Plaintiffs' theory is that the Shimon Letter fails to clearly identify the name of the creditor to whom the debt is owed. Compl. ¶¶ 171-231. But the Shimon Letter clearly identifies the creditor in two places. First, the creditor is identified at the top of the letter with a subject line that reads "Re: STATE FARM BANK, FSB." Shimon Letter at 1. Right above that subject line, the letter "identifies the account number and balance due." *Ocampo v. Client Servs., Inc.*, No. 18-CV-4326, 2019 WL 2881422, at \*2 (E.D.N.Y. July 3, 2019). The listing of the creditor name in the subject line, right below the balance due and account number, "is sufficient information for even the least sophisticated consumer to understand that the debt collection letter is attempting to collect a debt" for State Farm Bank, FSB. *Ibid.*; *see, e.g.*, *Glick v. Client Servs., Inc.*, No. 18-CV-913, 2020 WL 6018866, at \*4 (E.D.N.Y. Sept. 29, 2020) (same); *Taylor v. MRS BPO, LLC*, No. 17-CV-1733, 2017 WL 2861785, at \*3 (E.D.N.Y. July 5, 2017) (same). Second, the Shimon Letter again identifies the creditor in the return coupon. Shimon Letter at 1. Its subject line again states "Re: STATE

FARM BANK, FSB." *Ibid.* And its text provides additional information about the relationship between the debt collector and the debt, by stating that payment should be made to Forster & Garbus LLP "as attorneys." *Ibid.* Reading the Shimon Letter as a whole, the least sophisticated consumer would not be confused about the identity of the creditor.

My conclusion aligns with those of other judges in this district. Three judges have found no FDCPA violation when analyzing substantively identical letters sent by the same defendant to different consumers. *See Lugo v. Forster & Garbus, LLP*, No. 19-CV-1435, 2019 WL 5303957, at *2 (E.D.N.Y. Oct. 21, 2019); Def's Mot, Ex. 2 at 6:1-:7:13, 11:14-12:3; *Chiofalo v. Forster & Garbus, LLP*, No. 19-CV-487, 2021 WL 242222, at *3 (E.D.N.Y. Jan. 25, 2021). In contrast, the cases relied upon by plaintiffs, *see* Pls.' Opp. at 17-18, are inapposite because they "involve idiosyncratic details that distinguish them" from the instant letter. *Lugo*, 2019 WL 5303957, at *2 & n.1 (discussing all but one of the cases on which plaintiffs rely). For example, the subject line examined in *Eun Joo Lee v. Forster & Garbus LLP*, 926 F. Supp. 2d 482 (E.D.N.Y. 2013), used a confusing acronym to explain that the plaintiff's debt had been sold to a new creditor. *Id.* at 487 ("NCOP XI, LLC A/P/O CAPITAL ONE"). Several other cases involve letters that—unlike this one—did not identify the relationship between the creditor and the debt collector. *See, e.g.*, *McGinty v. Pro. Claims Bureau, Inc.*, No. 15-CV-4356S, 2016 WL 6069180, at *5 (E.D.N.Y. Oct. 17, 2016); *Diaz v. Prof'l Claims Bureau, Inc.*, No. 2:16-cv-02184, 2017 U.S. Dist. LEXIS 221515, at *3 (E.D.N.Y. Nov. 27, 2017); *White v. Pro. Claims Bureau, Inc.*, 284 F. Supp. 3d 351, 359 (E.D.N.Y. 2018); *Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-CV-3549, 2016 WL 4148330, at *11 (E.D.N.Y. Aug. 4, 2016). Like other courts that have addressed similar letters, I conclude that Counts Four and Five fail to state a claim.

## CONCLUSION

Defendant's motion for judgment on the pleadings is granted. The Clerk of Court is directed to enter judgment in favor of defendant and close the case.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: May 20, 2021
        Brooklyn, New York